UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff-Respondent,

v.                                                                  Criminal Case No. 99-50086

Courtney Nikell Chaffer,                            Honorable Sean F. Cox

    Defendant-Petitioner.

_____/

## OPINION & ORDER DENYING
## PETITION FOR EXPUNGEMENT OF CRIMINAL RECORD

This matter is currently before the Court on a "Petition for Expungement of Criminal Record" filed by Defendant-Petitioner Courtney Nikell Chaffer ("Chaffer"). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. Because Chaffer has not shown extraordinary circumstances that would warrant the requested relief, her petition shall be DENIED.

BACKGROUND

In this action, Chaffer was charged with conspiracy to defraud the United States and visa fraud. The charges were ultimately dismissed in this action on February 14, 2000.[1]

On March 23, 2009, Chaffer filed the instant "Petition for Expungement of Criminal Record" (Docket Entry No. 633), wherein she asks the Court to "expunge the dismissed case

---

[1] As Chaffer's Petition indicates, she was also indicted in Criminal Case No. 00-50044 and she has filed a separate Petition in that action. In that action, Chaffer was charged with, and pled guilty to, conspiracy to defraud the United States.

from her record dated in 1999." The one-page petition states that Chaffer "is petitioning for her record to be expunged in an effort to restore the status that she once occupied."

## ANALYSIS

The Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). However, it has also held that because the government has a strong interest in maintaining their records, "the expungement power is narrow and appropriately used only in extreme circumstances." *United States v. Robinson,* 79 F.3d 1149 (6th Cir. 1996). Thus, "[e]xpungement is a rare form of relief, ordered in very few cases." *United States v. Lucido*, 2009 WL 728526 (E.D. Mich. 2009).

"The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged." *United States v. Flagg*, 178 F.Supp.2d 903, 905 (S.D. Ohio 2001). The rationale for refusing to expunge arrest or indictment records is that arrests and indictments have independent legal significance because they show the existence of probable cause to believe that a defendant committed a crime, regardless of whether the defendant is ultimately convicted. *Id*.

Having reviewed Chaffer's Petition, the Court concludes that Chaffer has not established that any extraordinary circumstances warrant the expungement of her criminal record in this action.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Chaffer's Petition for Expungement of

Criminal Record is DENIED.

    IT IS SO ORDERED.

                                        S/ Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Date:  June 25, 2009

I hereby certify that on June 25, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Courtney Nikell Chaffer
7000 Roswell Road, NE #304
Sandy Springs ,GA   30328

                                        S/ Jennifer Hernandez
                                        Case Manager